```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ASQUITH ROY TAFFE,                      :
                         Petitioner,    :
                                        :   05 Civ. 8771 (DLC)
            -v-                         :
                                        :   MEMORANDUM OPINION
DEPARTMENT OF HOMELAND SECURITY,        :        AND ORDER
                         Respondent.    :
                                        :
----------------------------------------X
```

Appearances:

Pro Se Plaintiff:
Asquith Roy Taffe
1490 Hornell Loop, #3H
Brooklyn, New York 11239

For Defendant:
Shane Cargo
Assistant United States Attorney
Southern District of New York
86 Chambers Street
New York, New York 10007

DENISE COTE, District Judge:

By order dated June 4, 2007, the United States Court of Appeals remanded this matter sua sponte "to the district court for fact-finding to determine which court has jurisdiction" over plaintiff Asquith Roy Taffe's mandamus petition.[1] The Government replied to the remand by letter, arguing that the case should be

---

[1] Taffe styled his initial filing in this Court an "application" to reopen his naturalization proceedings. This application will be construed as a mandamus petition, which generally seeks "to compel an officer or employee of the United States or any agency to perform a duty owed to the petitioner." 28 U.S.C. § 1361.

dismissed.  The petition is dismissed because either the Second Circuit lacks jurisdiction over it, or because the underlying claim is plainly without merit.

BACKGROUND

Taffe, a citizen of Jamaica, became a lawful permanent resident of the United States in 1992.  In 2000, he filed a naturalization application, which was rejected by the Immigration and Naturalization Service ("INS") in 2001 because Taffe had failed to provide the requisite documents in support of his application.  In 2004, Taffe was convicted in the United States District Court for the Eastern District of New York of conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana, and was sentenced to six months' imprisonment.  Based on this conviction, respondent Department of Homeland Security ("DHS") placed Taffe in removal proceedings.  An Immigration Judge ordered Taffe removed on October 1, 2005, and Taffe did not appeal that decision to the Board of Immigration Appeals.

On August 29, 2005, Taffe commenced the instant action by filing a mandamus petition, seeking an order directing the DHS to reopen his naturalization proceedings.  The Honorable Michael B. Mukasey, to whom this case was initially assigned, construed the petition as "a challenge to the DHS's denial of a motion to reopen" and sua sponte transferred the action to the Second

Circuit pursuant to 8 U.S.C. § 1252(b), the provision establishing circuit courts' jurisdiction over challenges to removal orders.  The Second Circuit remanded "for fact-finding to determine which court has jurisdiction," and the Government has asked that the petition be dismissed.  Taffe has not made any submission in response to the remand.

DISCUSSION

"[A] district court may properly dismiss a case for lack of subject matter jurisdiction . . . if it lacks the statutory or constitutional power to adjudicate it."  Aurecchione v. Schoolman Transp. System, Inc., 426 F.3d 635, 638 (2d Cir. 2005) (citation omitted).  The Government argues that neither this Court nor the Second Circuit has jurisdiction over Taffe's petition because (i) the petition does not challenge Taffe's removal order, and (ii) district courts are without jurisdiction to consider naturalization claims of aliens in removal proceedings.

With respect to its first argument, DHS claims that Judge Mukasey erred in construing Taffe's petition as a challenge to a removal order and therefore transferring it to the Second Circuit.  DHS observes that Taffe was ordered removed on October 1, 2005, more than a month after he filed the instant petition.  Given this chronology, it is clear that the instant petition cannot be construed as a challenge to a removal order.  As there

3

was no final order of removal for which Taffe could have sought review, the Court of Appeals lacked jurisdiction over any putative petition for review.  See 8 U.S.C. § 1252(b).

With respect to DHS's second argument, the question whether district courts have jurisdiction to consider naturalization claims of aliens in removal proceedings need not be addressed. Where complex jurisdictional questions concern statutory and not constitutional jurisdiction, and the underlying claim is clearly lacking in merit, a court may exercise hypothetical jurisdiction.  See Abimbola v. Ashcroft, 378 F.3d 173, 180 (2d Cir. 2004).  Here, it is clear that Taffe's application for naturalization would be rejected were it to be remanded to DHS, because Taffe was convicted of an aggravated felony, rendering him ineligible for naturalization.  See 8 U.S.C. §§ 1427(a)(3) (requiring "good moral character" for five years preceding a naturalization application); 1101(f) (providing that an a naturalization applicant "who at any time has been convicted of an aggravated felony" cannot establish good moral character); and 1101(a)(43)(B) (defining "aggravated felony" to include "illicit trafficking in a controlled substance").  Because it would be futile to remand Taffe's application to DHS, see Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 338-39 (2d Cir. 2006), his petition must be dismissed.

CONCLUSION

Because the fact-finding ordered by the Second Circuit leads inexorably to the conclusion that neither this Court nor the Circuit Court has jurisdiction over the mandamus petition, the petition is dismissed. The Clerk of Court shall close the case.

SO ORDERED:

Dated:    New York, New York
          September 18, 2007

                                    _____
                                         DENISE COTE
                                    United States District Judge

Copies Sent To:

Asquith Roy Taffe
1490 Hornell Loop, #4H
Brooklyn, NY 11239

Shane Cargo
Assistant U.S. Attorney
U.S. Attorney's Office, Civil Division
86 Chambers Street
New York, NY 10007